UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIANA ALVARADO TAYLOR | CIVIL ACTION |
| VERSUS | No. 16-15890 |
| CLARKE POWER SERVICES | SECTION I |

### ORDER & REASONS

Before the Court is a motion by defendants Clarke Power Services, Inc. d.b.a. VehiCare ("VehiCare") and its insurer Continental Casualty Company ("CCC") to dismiss the plaintiff's claims for punitive damages.[1] For the following reasons, the motion is granted.

### I.

On July 22, 2015, Rahn Taylor was killed in a crash on Interstate 12 between Lacombe and Slidell, Louisiana. At the time of the accident, Taylor was driving a tractor-trailer owned by his employer, Crescent City Distributing ("CCD"), which had

---

[1] The plaintiff argues that the defendants have presented matters outside of the pleadings and that, as a result, their motion to dismiss should be treated as a motion for summary judgment. Though she does not specify, the plaintiff presumably refers to the defendants' citation to the deposition of Lonnie Mackeprang, a brief excerpt of which was attached to the defendants' motion to dismiss.
  Rule 12(d) of the Federal Rules of Civil Procedure provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." A district court has discretion on whether to accept and consider such materials on a motion to dismiss. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988). Exercising this discretion, the Court will exclude all materials outside the pleadings—including the excerpt of Mackeprang's deposition as well as the 200 plus pages of exhibits submitted by the plaintiff—and construe the defendants' motion as a motion to dismiss under Rule 12(b)(6).

contracted with VehiCare for the inspection and maintenance of its tractor-trailer fleet. The crash allegedly resulted from a sudden tire failure on the right front steering axle.

Taylor's wife brought the present lawsuit on behalf of herself and her minor children. As pertinent here, she claims that VehiCare was negligent in failing to properly inspect and maintain the tractor-trailer driven by her husband at the time of his death. She further asserts that VehiCare is liable for punitive damages. VehiCare now seeks to dismiss the latter claim.

## II.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint, or any part of it, when a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

On a Rule 12(b)(6) motion to dismiss, a court limits its review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also*

2

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In assessing the complaint, the Court must accept all well-pleaded factual allegations as true and liberally construe all such allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Where "the complaint 'on its face show[s] a bar to relief,'" then dismissal is the appropriate course. *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

### III.

The complaint alleges that, under the terms of the inspection and maintenance contract between VehiCare and CCD, VehiCare was responsible for inputting maintenance schedules for CCD's vehicles.[2] This task was supposed to be performed at VehiCare's corporate offices in Ohio.[3] It was purportedly never performed.[4] Mrs. Taylor claims that this "failure to implement preventative maintenance schedules in Ohio demonstrates that VehiCare and/or VehiCare's agents or employees acted with conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm."[5] This failure, she contends, entitles her to punitive damages under Ohio law.[6]

This Court must apply Louisiana conflicts law to determine which state's substantive law governs the availability of punitive damages. *See Erie R.R. v.*

---

[2] R. Doc. No. 60, at 11.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 12.
[6] *Id.*

3

*Tompkins*, 304 U.S. 64, 78–79 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Article 3546 of the Louisiana Civil Code provides that punitive damages may not be awarded by a court in Louisiana unless authorized:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

In general, then, punitive damages may be awarded when they are "authorized under the law of the state or states with two or more of the following contacts: (a) place of the injurious conduct; (b) place of the resulting injury; and (c) place of the defendant's domicile." *Arabie v. Citgo Petroleum Corp.*, 89 So.3d 307, 327 (La. 2012) (Knoll, J. concurring in part and dissenting in part). In other words, "[a]n award of punitive damages is authorized when such damages are imposed by the laws of all three or any two of the states referenced in [Article 3546]." *In re Train Derailment Near Amite, LA., on October 12, 2002*, No. 03-cv-1531, 2004 WL 169805, at *2 (E.D. La. Jan 26, 2004) (Zainey, J.); La. Civ. Code. art 3546 cmt. (b).

### A.

It is undisputed that the relevant injury in this case—Mr. Taylor's fatal crash—occurred in Louisiana. "Under Louisiana law, punitive or other 'penalty' damages are not allowable unless expressly authorized by statute." *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). There is no

Louisiana statute authorizing the recovery of punitive damages with respect to the claims asserted in this case. Hence, punitive damages are not authorized by the law of the state in which the injury occurred. Accordingly, to satisfy Article 3546, Mrs. Taylor must assert facts sufficient to show that punitive damages are authorized *both* by the law of the state where the injurious conduct occurred and by the law of the place where VehiCare was domiciled. The Court considers each of these requirements in turn.

**B.**

To be entitled to punitive damages in this case, Mrs. Taylor must establish that such damages are allowed by the law of the state where the injurious conduct occurred. As punitive damages are generally not allowed under Louisiana law, this requires her to show that the injurious conduct in this case occurred in Ohio.

The complaint asserts that VehiCare had a duty, under its contract with CCD, to input maintenance schedules for CCD's vehicles.[7] This task was supposed to be performed at VehiCare's corporate offices in Ohio, but it was allegedly never completed.[8] This failure to implement maintenance schedules, Mrs. Taylor claims, constitutes injurious conduct occurring in Ohio that entitles her to punitive damages under Ohio law.

In *Arabie*, the Louisiana Supreme Court held that "[i]n light of the State's general policy against punitive damages . . . in determining the location where

---

[7] R. Doc. No. 60, at 11–12.
[8] *Id.*

injurious conduct occurred, management or corporate level decisions must outweigh tortious activity which occurs locally in order for the location of the corporate or management decision to be considered the locale of the injurious conduct." 89 So. 3d at 317. Reading the complaint as a whole and construing all factual assertions in a light most favorable to Mrs. Taylor, the Court concludes that Mrs. Taylor has not sufficiently alleged that corporate-level decisions occurring in Ohio outweigh the allegedly tortious activity that occurred in Louisiana.

The complaint makes numerous allegations of conduct that occurred, or failed to occur, in Louisiana. For example, among other things, the complaint asserts that upon conducting an initial fleet inspection of Mr. Taylor's tractor on April 14, 2015 in Louisiana, VehiCare: (1) found a shallow tread on the right front steering tire and neither changed the tire nor scheduled the tire to be changed; (2) found mismatched tires having significantly different tread depths on the front steering tires and neither changed the tires nor scheduled the tires to be changed; (3) failed to discover or note visible and significant uneven wear on the right front steering tire; (4) found conditions of the right front steering tires that would probably deleteriously affect the handling of the vehicle and neither changed the tires nor scheduled the tires to be changed; and (5) failed to measure and note tread depth of the right front steering tire in multiple places.[9] It further alleges that VehiCare conducted its initial fleet inspection of Mr. Taylor's tractor in a Louisiana parking lot, at night, without access

---

[9] *See id.* at 2–3 ¶¶ A–D, G.

to a shop, and in conjunction with the inspection of numerous other vehicles.[10] It alleges that VehiCare failed to check the front steering tire alignment at the time of the initial fleet inspection; that it failed to convey to the New Orleans VehiCare facility certain deficiencies found in the initial fleet inspection; that it failed to conduct preventive maintenance on Mr. Taylor's tractor-trailer between the initial fleet inspection and his accident; that it failed to correct issues related to the tires on Mr. Taylor's tractor-trailer after a tire failure occurred prior to his accident; and that it failed to timely rotate Mr. Taylor's tires.[11]

The complaint proceeds to allege that VehiCare failed to implement certain preventive maintenance standards and other policies at its New Orleans facilities.[12] It also alleges that VehiCare negligently forwarded out-of-service reports to CCD; that it failed to reasonably and reliably inform CCD of all fleet vehicles that were out of service for repairs at the end of the business day; that it failed to clearly designate the out-of-service parking area in which vehicles were pending repair; that it failed to have a procedure for removing keys from vehicles that were parked awaiting repair; that it failed to have a procedure in place to put placards on vehicles that were out of service; and that it failed to attempt to contact Mr. Taylor or his supervisor after learning that Mr. Taylor's tractor-trailer had been put back into service without being repaired.[13] Additionally, it alleges VehiCare failed to have proper processes in

---

[10] *See id.* at 3 ¶ E.
[11] *Id.* at 3–5 ¶ ¶ F, I, M, P, R.
[12] *Id,* at 5–7 ¶ ¶ S–BB.
[13] *Id.* at 7–8 ¶ ¶ CC–LL.

7

place for responding to drivers' complaints about vehicle conditions and that it failed to properly train and supervise its employees.[14]

All of this allegedly negligent conduct, which Mrs. Taylor contends contributed to Mr. Taylor's crash and resulting death, took place in Louisiana. Furthermore, the alleged failure to take preventive care measures—the seemingly logical result of VehiCare's failure to input preventive maintenance schedules in Ohio—occurred in Louisiana. Accordingly, the Court finds that the injurious conduct in this case took place in Louisiana, not Ohio. Punitive damages are generally not allowed in Louisiana. Thus, Mrs. Taylor has not shown that punitive damages are permitted by the law of the state in which the injurious conduct has occurred. Her punitive damages claims are, therefore, barred by Article 3546.

## C.

Assuming *arguendo* that Mrs. Taylor has pleaded sufficient facts to show that punitive damages are authorized by the law of the state where injurious conduct occurred, she must also demonstrate that punitive damages are permitted under the law of the place where VehiCare was domiciled.

"As pertains to conflict of laws questions, a party's domicile shall be determined according to Articles 3518 and 3548 of the Civil Code."[15] *Id.* at 314. Article 3518 provides as follows:

> For the purposes of this Book, the domicile of a person is determined in accordance with the law of this state. A

---

[14] *Id.* at 8–9 ¶ ¶ OO, RR.
[15] "A person can have . . . but only one domicile." *Messer v. London*, 438 So. 2d 546, 547 (La. 1983).

8

> juridical person may be treated as a domiciliary of either the state of its formation or the state of its principal place of business, whichever is most pertinent to the particular issue.

VehiCare is a juridical person formed in Ohio, and its principal place of business is located in Ohio.[16] However, Article 3548 further provides:

> For the purposes of this Title, and provided it is appropriate under the principles of Article 3542, a juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state.

Article 3518 and Article 3548 can be harmonized. *Arabie*, 89 So. 3d at 314. Under Article 3548, VehiCare is a juridical person that is domiciled outside Louisiana pursuant to Article 3518. Since it transacted business in Louisiana, however, and it is alleged to have incurred a delictual obligation arising from its activities in Louisiana, Article 3548 provides that VehiCare shall be treated as a Louisiana domiciliary, provided that it is appropriate under the principles set forth in Article 3542. *See id.* Hence, in order to resolve the issue of whether punitive damages are authorized by the state where VehiCare is domiciled, the Court must determine whether it is proper, under the principles set forth in Article 3542, to consider VehiCare a Louisiana domiciliary.

Article 3542 provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

---

[16] *See* R. Doc. No. 1, at 2.

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of:
>
> (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and
>
> (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

This article provides an illustrative list of several nonexclusive factors that is "neither exhaustive nor hierarchical, and is intended to discourage a mechanistic counting of contacts . . . [T]he evaluation of factual contacts should be qualitative rather than quantitative, and should be made in light of the policies of each contact-state that are pertinent to the particular issue in dispute." *Arabie*, 89 So. 3d at 316 (quoting La. Civ. Code art. 3542, cmt (a)).

In *Arabie,* the Louisiana Supreme Court identified and analyzed the following factors when determining whether it would be appropriate under the principles set forth in Article 3542 to consider the defendant oil company a Louisiana domiciliary: (1) the pertinent contacts of each state to the parties; (2) their contacts to the events giving rise to the dispute, including the place of conduct and injury; (3) the domicile, habitual residence, or place of business of the parties; (4) the state in which the relationship between the parties was centered; (5) deterring wrongful conduct; and (6) repairing the consequences of injurious acts. *Id.* at 315. Article 3542 also imports

from Article 3515 the following factors: (7) the relationship of each state to the parties and the dispute; and (8) the policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state. *Id.* at 315–16.

Applying the *Arabie* factors to the case at hand, the Court concludes that it is appropriate to consider VehiCare a domiciliary of Louisiana for purposes of Article 3546.

The first factor, the pertinent contact of each state to the parties, weighs in favor of applying Louisiana law. The complaint alleges that VehiCare's failure to implement preventative maintenance schedules can be traced back to the company's offices in Ohio, where such schedules are supposed to be input. VehiCare's alleged negligent inspection and maintenance of CCD's fleet, however, took place in Louisiana, as did the crash that killed Mr. Taylor. There are no allegations that Mr. or Mrs. Taylor or their children had any contact with Ohio. Ohio, then, had contact only with VehiCare, but Louisiana had contact with both VehiCare and the plaintiff and her children.

The second factor, which focuses on the states' contacts to the events giving rise to the dispute, including the place of conduct and injury, also weighs in favor of applying Louisiana law. Mrs. Taylor asserts that injurious conduct occurred in Ohio because that is where VehiCare allegedly failed to input preventative maintenance

11

schedules.[17] By contrast, Mrs. Taylor offers numerous allegations of negligent conduct that took place in Louisiana. Likewise, Mr. Taylor's crash occurred in Louisiana, and the resulting injury to his family—for which Mrs. Taylor now seeks to recover—will have a continued effect in Louisiana. Taking the allegations in the complaint as true, Louisiana had more substantial contacts with the events giving rise to the dispute.

The third factor focuses on the domicile, habitual residence, or place of business of the parties. Mrs. Taylor and her children are domiciled in Louisiana, while VehiCare is incorporated and maintains its principal place of business in Ohio. VehiCare clearly does some business in Louisiana, as evidenced by its contract with CCD. Otherwise, there is a dearth of allegations regarding the extent of VehiCare's dealings in the state. Therefore, the Court considers this factor to be neutral. *Cf. Arabie*, 89 So. 3d at 318 (finding the third factor to weigh in favor of applying Louisiana law because, despite the defendant's corporate presence in Delaware, Oklahoma, and Texas, the defendant operated a large refinery in Louisiana).

The fourth factor, which considers the state in which the relationship between the parties was centered, weighs heavily in favor of applying Louisiana law. The only connection between Mr. and Mrs. Taylor, their children, and VehiCare concerns the inspection and maintenance of the tractor-trailer driven by Mr. Taylor at the time of his fatal crash. This contact occurred almost exclusively in Louisiana. VehiCare had a contractual duty to inspect and maintain CCD's tractor-trailers in Louisiana.

---

[17] R. Doc. No. 60, at 19–20.

Moreover, as Mrs. Taylor notes, "Mr. Taylor was employed in Louisiana at the same facility where VehiCare maintained vehicles."[18] On the other hand, there are no allegations that Mr. or Mrs. Taylor or their children had contact with VehiCare in Ohio.

"The fifth factor, deterring wrongful conduct, appears to favor the imposition of punitive damages, the purpose of which is to punish wrongful conduct. The strength of this factor, however, is diminished by Louisiana's policy disfavoring punitive damages in general. As a result, this factor is neutral." *Id.* at 318.

The sixth factor, too, is neutral. This factor concerns repairing the consequences of injurious acts. "The imposition of punitive damages . . . has no bearing" on this factor because plaintiffs may be made whole by an award of compensatory damages. *Id.*

The seventh factor, which addresses the relationship of each state to the parties and the dispute, favors application of Louisiana law. Again, the primary nexus between Ohio and the present case found in the complaint is the purported failure to input preventative maintenance schedules, a task that is supposedly completed at VehiCare's Ohio offices. Virtually all of the other allegations of negligence found in the complaint involve conduct that occurred, or failed to occur, in Louisiana. Furthermore, this lawsuit, which was filed in Louisiana and is rooted in Louisiana law, centers on a fatal crash that occurred in Louisiana and caused

---

[18] R. Doc. No. 74, at 16.

damages and injury only in Louisiana. This factor, therefore, weighs in favor of applying Louisiana law.

The eighth factor considers the policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state. This factor presents a closer call but, ultimately, it favors the application of Louisiana law. Much like the situation in *Arabie*, it is unlikely that VehiCare anticipated that failing to input preventative maintenance schedules at its Ohio corporate offices for work to be done in Louisiana would give rise to the application of Ohio law in a Louisiana tort action, particularly when that tort action involves a crash that occurred in Louisiana, damaged property only in Louisiana, and injured only Louisiana residents. *Cf. Arabie*, 89 So. 3d at 319. Conversely, VehiCare could have easily anticipated that a survival and wrongful death lawsuit brought in a Louisiana court pursuant to Louisiana law to recover for the death of a Louisiana resident that resulted from an alleged failure to properly inspect and maintain a delivery tractor-trailer in Louisiana would be controlled by Louisiana law. *Id.* Moreover, Ohio has no readily apparent "overriding interest in applying [its] laws to the decisions of [its] corporate domiciliaries, when those decisions have no effect in those states, and when those decisions are not the primary cause of injury in another state." *Id.*

Considering the foregoing factors, the Court concludes that it is appropriate, under the principles set forth in Article 3542, to consider VehiCare a Louisiana

14

domiciliary. The majority of the tortious conduct at issue in this case occurred in Louisiana. The injury giving rise to the case occurred in Louisiana, and the severe lasting harm to the Taylor family is confined to Louisiana. Louisiana, then, has the most significant contacts under Article 3542, and its policies would be most seriously impaired if its laws were not applied. *See id.* at 315; *Wooley v. Lucksinger*, 61 So.3d 507, 566 (La. 2011). As Louisiana does not permit punitive damages in cases such as this, Mrs. Taylor has not demonstrated that punitive damages are authorized by the law of the place where VehiCare was domiciled. Consequently, her claims for punitive damages are barred by Article 3546.[19]

**IV.**

Mrs. Taylor also asserts a contractual claim for punitive damages. In support of this claim, she relies on the Fleet Services Agreement in place between CCD and VehiCare, which contained language providing that the agreement would be "governed by and construed in accordance with the laws of the State of Ohio, except

---

[19] Mrs. Taylor does not argue that punitive damages are available under Article 3543. In this regard, the *Arabie* majority noted that "when determining whether another state's punitive damages laws should apply, Article 3546, 'Punitive damages,' is more specific to the issue than is Article 3543, 'Issues of conduct and safety.'" 89 So. 3d at 320. Accordingly, Article 3546 governs, and Article 3543 is inapplicable here.

Finally, Mrs. Taylor does argue that this is an "exceptional case" and that, as a result, punitive damages are available under Article 3547. The Court disagrees. For Article 3547 to apply, it must be "clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue." However, "[as the] previous analysis of the factors contained in Article 3542 shows, it is not 'clearly evident' that the policies of [Ohio] would be more seriously impaired if the law of [that state] were not applied to this issue." *Id.* at 320. Punitive damages are, therefore, unavailable under Article 3547.

15

for the conflict of laws provisions."[20] The agreement further stated that the agreement was binding upon and inured to the benefit of VehiCare's representatives and assigns, which allegedly included Mr. Taylor, who was in uniform and acting within his capacity as a CCD employee at the time of his accident.[21] Accordingly, the complaint claims, VehiCare is liable to Mrs. Taylor and her children for breach of its contractual duties, and this liability, under the terms of the Fleet Services Agreement, is governed by Ohio law, including the law on punitive damages.[22]

Under Ohio law, however, punitive damages are not available for breach of contractual duties. *See Digital & Analog Design Corp.*, 540 N.E.2d 1358 (citation omitted). This is true "[n]o matter how willful the breach." *Id.* Likewise, "[u]nder Louisiana law, there can be no punitive damages for breach of contract, even when a party has acted in bad faith in breaching the agreement." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991). Therefore, even assuming VehiCare breached its contract with CCD and that its breach somehow inured to the benefit of Mr. Taylor and, by extension, to his widow and children, any claim for punitive damages arising under the Fleet Services Agreement fails.

Accordingly,

**IT IS ORDERED** that VehiCare and CCC's motion to dismiss the plaintiff's claims for punitive damages is **GRANTED** and that such claims are **DISMISSED WITH PREJUDICE.**

---

[20] R. Doc. No. 60, at 12.
[21] *Id.*
[22] *Id.*

New Orleans, Louisiana, October 11, 2017.

                                                              **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**