# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIANA ALVARADO TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-15890** |
| **CLARKE POWER SERVICES, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] in limine filed by Clarke Power Services, Inc. d.b.a. VehiCare ("VehiCare") and its insurer Continental Casualty Company ("CCC") to exclude the testimony of plaintiff's fleet maintenance expert, Lew Grill ("Grill"), pursuant to Rule 702 of the Federal Rules of Evidence. For the following reasons, the motion is denied in part and deferred in part.

## I.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

---

[1] R. Doc. No. 81.

> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Hicks*, 389 F.3d at 524; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (discussing witnesses whose expertise is based purely on experience).

"A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (*quoting Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*; *see Daubert*, 509 U.S. at 596.

*Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires a trial court to make a preliminary assessment to "determine whether the expert testimony is both reliable and

relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire*, 526 U.S. at 147.

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the techinque's potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed.Appx. 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'"). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "There is no more certain test for determining when experts may be used than the

common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note).

The Court applies a preponderance of the evidence standard when performing its gatekeeping function under *Daubert*. *See Daubert*, 509 U.S. at 592 n.10. The Court is not bound by the rules of evidence—except for those concerning privileges—when doing so. *See id.*

**II**.

VehiCare challenges Grill's qualifications. Grill has an extensive professional history in the trucking industry. Nevertheless, VehiCare contends that he lacks expertise to opine on fleet management practices.

Rule 702 does not require an expert to have the perfect possible credentials to testify as an expert. *See Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2016 WL 5847124, at *2 (E.D. La. 2016). Accordingly, courts "have eschewed imposing overly rigorous requirements of expertise and have been satisfied with more generalized qualifications." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) (Becker, J.). Thus, "if the witness has qualifications in the general field related to the subject matter in question," then "the witness need not have specialized expertise in the area directly pertinent to the issue in question." *Guzman v. Memorial Hermann Hosp. Sys.*, No. 07-3973, 2008 WL 5273713, at *15 (S.D. Tex. 2008) (Rosenthal, J.).

4

Grill meets Rule 702's liberal standard. Since 1968, he has worked as a truck driver, owner operator, truck driver training instructor, truck driver training program director, and consultant for motor carriers and truck driving schools.[2] His "education, training, and experience include managing motor fleet safety programs, accident investigation, and traffic accident reconstruction."[3] Additionally, he has overseen management of a corporation's truck fleet equipment and maintenance records.[4] He has also taken and taught several courses in the area of fleet maintenance and management.[5]

The Court is satisfied that these qualifications, among others, are sufficient to allow Grill to testify. VehiCare's objections to Grill's qualifications go to the weight that his testimony should be accorded, not its admissibility. *See, e.g., Vedros v. Northrup Grumman Shipbuilding, Inc.*, 119 F. Supp. 3d 556, 562 (E.D. La. 2015) (Barbier, J.). Accordingly, VehiCare's motion will be denied on this ground.

## III.

VehiCare also objects to the content of much of Grill's expert report. For example, VehiCare objects to Grill's statements regarding the failing tire and its role in the accident. In his report, Grill states: "The unique tread wear of the tire indicates that the underlying cause of the tire failing was something other than the tire itself, such as improper alignment."[6] The Court agrees with VehiCare that the probative

---

[2] R. Doc. No. 81-3.
[3] *Id.* at 3.
[4] *Id.*
[5] R. Doc. No. 94, at 2–3.
[6] R. Doc. No. 81-2, at 7.

5

value of these types of opinions may well be substantially outweighed by a danger that the issues will be confused and that such evidence would be cumulative. Both VehiCare and Mrs. Taylor have retained tire experts to testify in this matter. Grill is not one of these experts, nor, apparently, has he inspected the tire.

At trial, Grill will be allowed—commensurate with his experience—to testify regarding general tire maintenance, wear and tear issues, etc. He will be prohibited, however, from offering causation opinions that are outside of his wheelhouse and/or duplicative of the tire experts' opinions.

Additionally, VehiCare objects to portions of Grill's report, which it contends contain legal conclusions. As another section of this Court recently summarized,

> Although an expert's opinion may "embrace an ultimate issue" to be decided by the trier of fact, expert witnesses are not permitted to offer legal conclusions. See Fed. R. Evid. 704; *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001). An expert who usurps either the role of the judge by instructing the jury on the applicable law or the role of the jury by applying the law to the facts at issue "by definition does not aid the jury in making a decision[.]" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (citations omitted); see also *Burkhardt v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact. . . ."). Rather, such an expert "undertakes to tell the jury what result to reach and thus attempts to substitute the expert's judgment for the jury's. . . ." *Nimely*, 414 F.3d at 397 (citation omitted). [Thus], although "an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied . . . he may not testify as to whether the legal standard has been satisfied." *Burkhardt*, 112 F.3d at 1212-13.

*Nagle v. Gusman*, No. 12-cv-1910, 2016 WL 541436, at *5 (E.D. La. Feb. 11, 2016) (Vance, J). The Court will entertain any such timely objections at trial.

For the foregoing reasons,

**IT IS ORDERED** that VehiCare and CCC's motion is **DENIED** insofar as it challenges Grill's qualifications.

**IT IS FURTHER ORDERED** that all other issues raised by the motion are **DEFERRED** as set forth herein.

New Orleans, Louisiana, November 2, 2017.

                                      **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**